UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAMIREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ON HABEAS CORPUS,<br><br>　　　　Respondent. | Case No.: 1:13-cv-00435-JLT<br><br>ORDER DISMISSING PETITION FOR FAILURE TO OBEY THE COURT'S ORDER<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 17, 2013, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes.  (Doc. 7).

**PROCEDURAL HISTORY**

　　　　The instant petition was filed on March 25, 2013.  (Doc. 1).  After conducting an initial review of the petition, on April 18, 2013, the Court ordered Petitioner to file a first amended petition within thirty days. (Doc. 4).  The original petition contained claims that were so entirely incomprehensible that the Court could not conduct a preliminary review regarding timeliness and exhaustion.  Also, the original petition names an improper respondent, thus depriving the Court of jurisdiction.  Petitioner was advised of all of these defects as well as the need to file an amended petition correcting these problems.  However, Petitioner did not comply with the Court's order or otherwise communicate with

1  the Court in any way until, on July 18, 2013, when Petitioner filed his written consent to the
2  jurisdiction of the Magistrate Judge.  (Doc. 7).

3  Accordingly, on September 19, 2013, the Court issued an Order to Show Cause why the
4  petition should not be dismissed for failure to state a claim, failure to prosecute, and failure to comply
5  with the Court's orders.  (Doc. 8).  Petitioner was required to submit a response within thirty days.  To
6  date, Petitioner has not responded in any way.

7  In determining whether to dismiss an action for lack of prosecution, the court must consider
8  several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
9  manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring
10 disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v.
11 Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

12 The Court finds that the public's interest in expeditiously resolving this litigation and the
13 Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending
14 since March 25, 2013, a span of almost nine months, during which the case has not proceeded beyond
15 the initial screening of the petition for procedural compliance and jurisdiction.  The third factor, risk of
16 prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from
17 the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,
18 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is
19 greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to
20 a party that failure to obey the court's order will result in dismissal satisfies the "consideration of
21 alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
22 779 F.2d at 1424.  The Court's Order to Show Cause issued on September 19, 2013 expressly stated:
23 "Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal
24 of the petition pursuant to Local Rule 110."  (Doc. 8, p. 2).  Thus, Petitioner had adequate warning that
25 dismissal would result from his noncompliance with the Court's order.

26 Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a
27 writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and
28 an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336

(2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for failure to prosecute;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file;
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **December 12, 2013**              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE